# United States Court of Appeals for the Fifth Circuit

————————

No. 24-10459
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Aaron Ferguson,

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-267-1

————————————————

Before Elrod, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:*

Aaron Ferguson, federal prisoner # 40584-115, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. Ferguson is currently serving: (i) concurrent life sentences for six robbery convictions; (ii) consecutive life sentences for five convictions under 18 U.S.C. § 924(c); and (iii) a concurrent 15-year sentence for a conviction of possession of a

———————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

firearm by a felon.  The district court denied his motion upon its assessment of the 18 U.S.C. § 3553(a) factors.  On appeal, Ferguson argues that the district court's § 3553(a) analysis is flawed because the court failed to consider that he had spent approximately seven years in prison for a state parole revocation prior to commencing his federal sentences.

We generally review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  The Government argues that this court should review the issue that Ferguson raises on appeal for plain error because he failed to raise it in the district court.  However, deciding whether to apply plain-error review is unnecessary, because Ferguson's argument fails even under the more lenient abuse-of-discretion standard.  *See United States v. Kieffer*, 991 F.3d 630, 635 n.4 (5th Cir. 2021).

Ferguson has failed to demonstrate any error in the district court's finding that he had "served not even 18 years of his federal term of life" imprisonment or that reducing his "life term to now effectively 18 years" would be contrary to various § 3553(a) factors.  The district court clearly understood that Ferguson had served a state sentence for violating his parole prior to beginning his federal life sentence and mentioned that fact twice in its order denying relief.  In addition, Ferguson contended that he had served a combined 25-year state and federal sentence in his motion.  As such, we can assume that the district court, in assessing the § 3553(a) factors, considered his state parole-revocation sentence.  *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

Moreover, § 3553(a) speaks solely to the "sentence" imposed by the district court.  In calculating the length of that sentence, § 3553(a) requires the district court to consider various factors.  *See* 18 U.S.C. § 3553(a)(1)-(7).  However, there is nothing in § 3553(a) that requires, much less suggests, that

a district court consider the time that a defendant has served or will serve in *state prison* due to a *state parole revocation* when crafting or adjudicating a request for a reduction in a *federal sentence*. Even assuming that § 3553(a) did somehow contemplate that a district court consider the time that a defendant spent in state custody, the district court's treatment of that fact in this case, if anything, amounts to a disagreement with how the district court balanced the §3553(a) factors, which is "not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694.

We also note that there is no indication that it would have made any appreciable difference in the district court's § 3553(a) analysis, had the court referred to the total 25-year combined federal and state sentences that Ferguson had served as opposed to only the 18 years that he had then served on his federal sentence. Indeed, Ferguson makes no credible argument on appeal as to how the seven-year difference would have made any difference in the district court's § 3553(a) analysis.

Because Ferguson fails to show that the district court abused its discretion in denying his motion for compassionate release based on its assessment of the § 3553(a) factors, *see Chambliss*, 948 F.3d at 693, the district court's decision is AFFIRMED.